UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LODGING SOLUTIONS, LLC d/b/a
ACCOMMODATIONS PLUS
INTERNATIONAL,

                Plaintiff,

-against-

ROBERT MILLER, FLEETCOR
TECHNOLOGIES, INC., TRAVELLIANCE,
INC., and CORPORATE LODGING
CONSULTANTS, INC.,

                Defendants.

---

Case No. 1:19-cv-10806 (AJN)



DEC 1 6 2019

## STIPULATED ~~PROPOSED~~ PROTECTIVE ORDER

Plaintiff, Lodging Solutions, LLC d/b/a Accommodations Plus International ("Plaintiff") and Robert Miller, Fleetcor Technologies, Inc., Travelliance, Inc., and Corporate Lodging Consultants, Inc., ("Defendants"), hereby agree that information disclosed by any party or non-party witness during this proceeding may be considered (1) **Confidential** or (2) **Confidential - For Attorneys' Eyes Only (trade secret/commercially sensitive)** by a party or witness. To preserve the confidentiality of such information, the parties are hereby bound by the terms of this Order. As used in this Order, the term "information" covers documentary material, electronically stored information ("ESI"), source code, testimony,[1] and any other information provided during the course of this action.

    This Order shall govern any information produced in this action and designated pursuant to this Order, including all designated depositions, declarations and affidavits, all

---

[1] This includes testimony provided during a deposition or testimony by declaration or affidavit, either orally or upon written questions.

designated deposition exhibits, interrogatory answers, admissions, documents and other discovery and testimony materials, whether produced informally, as part of mandatory disclosures, or in response to interrogatories, requests for admissions, requests for production of documents or other methods of discovery.

This Order shall also govern any designated information produced or provided in this action pursuant to required disclosures under any applicable federal procedural rule and any supplementary disclosures thereto.

This Order shall apply to the parties and to any nonparty from whom discovery or testimony may be sought in connection with this proceeding and who desires the protection of this Order.

## TERMS OF ORDER

1. **Classes of Protected Information.** The terms of this Order are not to be used to undermine public access to files. When appropriate, however, a party or witness, on its own or through its attorney, may seek to protect the confidentiality of information by employing one of the following designations.

    A. **Confidential** - Material to be shielded by the Court and the Parties from public access. The person producing any given information may designate as Confidential only such portion of such material, including information received from a non-party, as it consists of previously non-disclosed:

    i. business, marketing, customer, research, manufacture, regulatory, or commercial information;

    ii. sensitive patent, trademark, copyright, trade secret information, product testing, or any other confidential technical or non-technical information or

know-how within the meaning of Federal Rule of Civil Procedure ("FRCP") 26(c)(l)(G);

iii. information of a personal or intimate nature regarding any individual; or

iv. any other category of information hereinafter given confidential status by the Court;

whether embodied in physical objects, documents, or the factual knowledge of persons, the disclosure of which is likely to harm the disclosing party's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third party or to a Court.

B. **Confidential - Attorneys' Eyes Only (Trade Secret/Commercially Sensitive)** - Material to be shielded by the Court and the Parties' attorneys from public access, restricted from any access by the parties, and available for review by **outside counsel** for the parties and, subject to the provisions of paragraphs 4 and 5, by independent experts or consultants for the parties. Such material may include the following types of previously non-disclosed information:

i. sensitive technical information, including current research, development and manufacturing information;

ii. financial information (including without limitation profitability reports or estimates, percentage fees, design fees, commission rates, minimum guarantee payments, sales reports and sales margins, and financial terms and pricing arrangements with customers and suppliers);

iii. material relating to ownership or control of any non-public company;

iv. competitive technical information, including technical analyses or comparisons of competitor's products or services;

v. competitive business information, including non-public financial and marketing analyses, media scheduling, comparisons of competitor's products or services, and strategic product/service expansion plans;

vi. highly sensitive business information relating to scientific and technical data, product research, product development, and new products licensing;

vii. highly sensitive business information relating to projected future sales, pricing, business strategies, or business arrangements;

viii. sensitive business information of third parties;

ix. source code or other documents disclosing previously non-disclosed information relating to the operation of a software product;

x. personal health or medical information; an individual's personal credit, banking or other financial information;

xi. any other commercially sensitive information the disclosure of which to non-qualified persons subject to this Order the producing party reasonably and in good faith believes would likely cause harm; and

xii. any other category of information hereinafter given **Confidential - Attorneys' Eyes Only** status by the Court;

whether embodied in physical objects, documents, or the factual knowledge of persons, the disclosure of which is likely to harm that person's competitive position, or the disclosure of which would contravene an obligation of confidentiality to a third party or to a Court.

C. All information produced in this litigation designated "**Confidential**" or "**Confidential - Attorneys' Eyes Only**" (pursuant to Paragraphs 1(a) and (b) above) shall be used solely in connection with and for purposes of this litigation. Any use of such information that is outside of this strict scope of use shall be a violation of this Order.

2. **Information Not to be Designated as Protected.** Information may not be designated as subject to any form of protection if it: (a) is, or becomes, public knowledge, as shown by publicly available writings, other than through violation of the terms of this Order; (b) is acquired by a non-designating party or non-party witness from a third party lawfully possessing such information and having no obligation to the owner of the information; (c) was lawfully possessed by a non-designating party or non-party witness prior to the opening of discovery in this proceeding, and for which there is written evidence of the lawful possession; (d) is disclosed by a non-designating party or non-party witness legally compelled to disclose the information; or (e) is disclosed by a non-designating party with the approval of the designating party.

3. **Access to Protected Information.** The provisions of this Order regarding access to protected information are subject to modification by written agreement of the parties or their attorneys and approved by the Court. Court reporters, stenographers, video technicians or others who may be employed by the parties or their attorneys to perform services incidental to this action will be bound only to the extent that the parties or their attorneys make it a condition of employment or obtain agreements from such individuals, in accordance with the provisions of paragraph 4.

- **Parties** are defined as including individuals, officers of corporations, partners of partnerships, members of limited liability companies/corporations, and management employees of any type of business organization that is a named party to this action.

- **Attorneys** for parties are defined as including **in-house counsel** and **outside counsel**, including support staff operating under counsel's direction, such as paralegals or legal assistants, secretaries, and any other employees or independent contractors operating under counsel's instruction.

- **Independent experts or consultants** include individuals retained by a party for purposes related to prosecution or defense of the action but who are not current or former employees, officers, members, directors, or partners of any party, affiliates of any party, or the attorneys of any party or its affiliates, or competitors to any party, or employees or consultants of such competitors with respect to the subject matter of the proceeding.

- **Non-party witnesses** include any individuals to be deposed during discovery or trial, whether willingly or under subpoena issued by a court of competent jurisdiction over the witness.

**Parties** and their **attorneys** shall have access to information designated as **confidential**, subject to any agreed exceptions. **Outside counsel, but not in-house counsel**, shall have access to information designated as **Confidential - Attorneys' Eyes Only (trade secret/commercially sensitive)**. **Independent experts or consultants, non-party witnesses, and any other individual** not otherwise specifically covered by the terms of this order may be afforded access to **confidential** information in accordance with the terms that follow in paragraph 4. Further, **independent experts or consultants** may have access

to **Confidential - Attorneys' Eyes Only** (trade secret/commercially sensitive) information if such access is agreed to by the parties or ordered by the Court, in accordance with the terms that follow in paragraphs 4 and 5.

4. **Disclosure to Any Individual.** Subject to the provisions of Section 3 above, prior to disclosure of protected information by any party or its attorney to any individual not already provided access to such information by the terms of this Order, the individual shall be informed of the existence of this Order and provided with a copy to read. The individual will then be required to certify in writing that the order has been read and understood and that the terms shall be binding on the individual. No individual shall receive any protected information until the party or attorney proposing to disclose the information has received the executed Non-Disclosure Agreement from the individual in the form annexed as Exhibit A hereto. The party or attorney receiving the completed form shall retain the original.

5. **Disclosure to Independent Experts or Consultants.** In addition to meeting the requirements of paragraph 4, any party or attorney proposing to share disclosed information with an independent expert or consultant must also notify the party who designated the information as protected. Notification must be personally served or forwarded by certified mail, return receipt requested, or by email, and shall provide notice of the name, address, occupation and professional background of the expert or independent consultant.

The party or its attorney receiving the notice shall have three (3) days to object to disclosure to the expert or independent consultant. If objection is made, then the parties must negotiate the issue in good faith before raising the issue before the Court. If the

parties are unable to settle their dispute, then it shall be the obligation of the party or attorney proposing disclosure to bring the matter before the Court with an explanation of the need for disclosure and a report on the efforts the parties have made to settle their dispute. The party objecting to disclosure will be expected to respond with its arguments against disclosure or its objections will be deemed waived.

6. **Responses to Written Discovery.** Responses to interrogatories under Federal Rule 33 and requests for admissions under Federal Rule 36 (whether in a paper or electronic form) and which the responding party reasonably believes to contain protected information shall be prominently stamped or marked with the appropriate designation from paragraph 1. Any inadvertent disclosure without appropriate designation shall be remedied as soon as the disclosing party learns of its error, by informing all adverse parties, in writing, of the error. The parties should inform the Court only if necessary because of the filing of protected information not in accordance with the provisions of paragraph 12.

7. **Production of Documents.** If a party responds to requests for production under Federal Rule 34 by making copies and forwarding the copies to the inquiring party, including ESI, then the copies shall be prominently stamped or marked, as necessary, with the appropriate designation from paragraph 1. If the responding party makes documents available for inspection and copying by the inquiring party, all documents shall be considered protected during the course of inspection. After the inquiring party informs the responding party what documents are to be copied, the responding party will be responsible for prominently stamping or marking the copies with the appropriate designation from paragraph 1.

8. **Depositions.** Protected documents produced during an oral discovery deposition or a discovery deposition upon written questions, or testimony submitted by affidavit or

declaration, shall be noted appropriately as such by the producing or offering party at the outset of any discussion of the document or information contained in the document. In addition, the documents must be prominently stamped or marked with the appropriate designation.

During discussion of any non-documentary protected information, the interested party shall make oral note on the record of the protected nature of the information.

The transcript of any deposition and all exhibits or attachments shall be considered protected for 30 days following the date of service of the transcript by the party that took the deposition. During that 30-day period, either party may designate the portions of the transcript, and any specific exhibits or attachments, that are to be treated as protected, by electing the appropriate designation from paragraph 1. Appropriate stampings or markings should be made during this time, if not already done so. If no such designations are made, then the entire transcript and exhibits will be considered unprotected.

9. **Briefs.** Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial must be filed in accordance with this Court's procedures regarding same.

10. **Handling of Protected Information.** Disclosure of information protected under the terms of this Order is intended only to facilitate the prosecution or defense of this action. The recipient of any protected information disclosed in accordance with the terms of this Order is obligated to maintain the confidentiality of the information and shall exercise reasonable care in handling, storing, using, disseminating, retaining, returning, and destroying the information.

11. **Acceptance of Information; Inadvertent Disclosure.** Acceptance by a party or its attorney of information disclosed under designation as protected shall not constitute an admission that the information is, in fact, entitled to protection. Inadvertent disclosure of information which the disclosing party intended to designate as protected shall not constitute waiver of any right to claim the information as protected upon discovery of the error. In the event a party inadvertently files a document containing protected information, such party should immediately inform the Court and take any steps necessary to withdraw the document and resubmit a redacted, publicly available copy of such document.

If, through inadvertence, a producing party provides any "**confidential**" or "**Confidential - Attorneys' Eyes Only (trade secret/commercially sensitive)**" discovery material without marking the information as "**confidential**" or "**Confidential - Attorneys' Eyes Only (trade secret/commercially sensitive)**," the producing party may subsequently inform the receiving party in writing of the "**confidential**" or "**Confidential - Attorneys' Eyes Only (trade secret/commercially sensitive)**" nature of the disclosed information, and the receiving party shall treat the disclosed information in accordance with this Order after receipt of such written notice and make reasonable efforts to retrieve any such material that has been disclosed to persons not authorized to receive the material under the terms hereof. A party objecting to any such "**confidential**" or "**Confidential - Attorneys' Eyes Only (trade secret/commercially sensitive)**" designation shall follow the procedures set forth in paragraph 13 below. Prior disclosure of material later designated as "**confidential**" or "**Confidential - Attorneys' Eyes Only (trade secret/commercially sensitive)**" shall not constitute a violation of this Order.

If a disclosing party through inadvertence produces or provides discovery material that it believes is subject to a claim of attorney-client privilege, work product immunity, or any other privilege, the disclosing party may give written notice to the receiving party that the discovery material is deemed privileged and that return of the material is requested. Upon such written notice, the receiving party shall immediately gather the original and all copies of the material of which the receiving party is aware and shall immediately return the original and all such copies to the disclosing party.

12. **Challenges to Designations of Information as Protected.** If the parties or their attorneys disagree as to whether certain information should be protected, they are obligated to negotiate in good faith regarding the designation by the disclosing party. If the parties are unable to resolve their differences, the party challenging the designation may make a motion before the Court seeking a determination of the status of the information.

A challenge to the designation of information as protected must be made substantially contemporaneous with the designation, or as soon as practicable after the basis for challenge is known. When a challenge is made long after a designation of information as protected, the challenging party will be expected to show why it could not have made the challenge at an earlier time. The party designating information as protected will, when its designation is timely challenged, bear the ultimate burden of proving that the information should be protected.

13. **Consequences of Unchallenged Overdesignations.** In the event the Court determines that a party has improperly overdesignated information as protected, and a party has not contested the overdesignation, the Court, on its own initiative, may: (1) disregard the overdesignation for those matters which are improperly designated; (2) issue an order to

show cause why the submission should not be made open to public view; (3) require a party to reduce redactions by redesignating as non-confidential the overdesignated information and resubmit a properly designated redacted copy for public view; or (4) not consider the improperly designated matter in rendering its decision. In the case of an order to show cause, or request for resubmission of a filing with proper redaction (i.e., proper designation of confidential matter for public access), if no response is received, the Court will redesignate the confidentially filed material as non-confidential and make it available for public view.

14. **Court's Jurisdiction; Handling Materials After Termination.** The Court's jurisdiction over the parties and their attorneys ends when this proceeding is terminated. A proceeding is terminated only after a final order is entered and either all appellate proceedings have been resolved or the time for filing an appeal has passed without filing of any appeal.

   The parties may agree that archival copies of evidence, memoranda, discovery deposition transcripts, affidavits, declarations, and briefs may be retained solely by outside counsel, subject to compliance with agreed safeguards. Otherwise, within 30 days after the final termination of this proceeding, each party and their attorneys, as well as any other persons subject to the terms of this agreement, shall return to each disclosing party: (1) all materials and documents, including ESI, containing protected information and source code; (2) all copies, summaries, and abstracts thereof; and (3) all other materials, memoranda or documents embodying data concerning said material, including all copies provided pursuant to paragraphs 4 and 5 of this Order. In the alternative, the disclosing party or its attorney may make a written request that such materials be destroyed rather than returned. Additionally, parties to this agreement are precluded from disclosing orally or in writing

any protected information provided during the course of this action once this action is terminated.

15. **Other Rights of the Parties and Attorneys.** This Order shall not preclude the parties or their attorneys from making any applicable claims of privilege during discovery or at trial. Nor shall this Order preclude the filing of any motion with the Court for relief from a particular provision of this Order or for additional protections not provided by this Order.

This Order shall not bar counsel of record, in the course of rendering advice regarding this action to his or her client from conveying in a general way counsel's evaluation of confidential information produced pursuant to this Stipulated Protective Order; provided, however, that in rendering such advice or otherwise communicating with his or her client, counsel shall not disclose the specific content of any confidential information produced by another party or nonparty.

So ordered this 16th day of Dec, 2019.

_____
UNITED STATES DISTRICT JUDGE

Nothing in this Order affects the parties' obligation to comply with Rule 4 of the Court's Individual Practices in Civil Cases governing redactions and filing under seal, or with any of the Court's other Individual Practices as relevant.
SO ORDERED.

By Agreement of the Following:

Dated:
December 14, 2019

**PLAINTIFF**
Lodging Solutions, LLC d/b/a
Accommodations Plus International,

**DEFENDANTS**
Robert Miller, Fleetcor Technologies, Inc.,
Travelliance, Inc., and Corporate Lodging
Consultants, Inc.,

_/s/ Robert Stern_
Robert Stern
**ORRICK, HERRINGTON &
SUTCLIFFE LLP**
51 West 52nd Street
New York, NY 10019
212-506-5000
rstern@orrick.com

_/s/ Lawrence Peikes_
Lawrence Peikes
**WIGGIN AND DANA LLP**
281 Tresser Blvd.
Stamford, CT 06901
203-363-7600
lpeikes@wiggin.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

LODGING SOLUTIONS, LLC d/b/a
ACCOMMODATIONS PLUS
INTERNATIONAL,

-against-

ROBERT MILLER, FLEETCOR
TECHNOLOGIES, INC., TRAVELLIANCE,
INC., and CORPORATE LODGING
CONSULTANTS, INC.,

        Defendants.

Case No. 19 cv 10806

## NON-DISCLOSURE AGREEMENT

I, _____, state the following:

1. I reside at _____ .

2. My present employer is _____ .

3. My present occupation or job description is _____ .

4. I acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of information that have been designated as "CONFIDENTIAL" and "CONFIDENTIAL - ATTORNEYS' EYES ONLY" and understand its provisions. I agree that I will not disclose such "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" information to anyone other than those authorized to review such information under the terms of the Protective Order and only for purposes of this litigation. I understand that these promises are conditions precedent to my receipt of any such information.

5. I understand that I am to retain all copies of any documents or other materials designated as "CONFIDENTIAL" OR "CONFIDENTIAL - ATTORNEYS' EYES ONLY" in a secure manner, and that all copies are to remain in my custody until I have completed my

assigned duties, and that at the conclusion of the litigation I will destroy or return all discovery information and any writings prepared by me containing any such information to the party or attorney from whom I received it. I also agree to notify any secretarial, clerical or supporting personnel who are required to assist me of the terms of said Order and to take steps to ensure their compliance with the terms of the Protective Order.

6. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

Executed this _____ day of _____, 20\_\_\_\_.


By: _____