

orrick

Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005-1706

+1 202 339 8400
orrick.com

JAN 1 6 2020

VIA ECF

Robert Stern

December 27, 2019

rstern@orrick.com
D +1 202 339-8542
F +1 202 339-8500

The Hon. Alison J. Nathan
United States District Judge
Southern District of New York
40 Centre Street
New York, NY 1007

Re:  *Lodging Solutions, LLC v. Miller et al.*, 19-cv-10806-AJN - Letter-Motion Seeking Leave for Filing Certain Redacted Documents and Documents Under Seal

Dear Judge Nathan,

Pursuant to Rule 4.B. of the Court's Individual Rules and Practices in Civil Cases ("Court's Rules"), Plaintiff in the above-captioned case respectfully requests to file redacted versions or to file under seal certain exhibits used at the Preliminary Injunction Hearing on Tuesday, December 17, 2019.

Exhibits 67, 69, 70, and 72 consist of Defendant Miller's text communications with certain third parties. Exhibit 67 contains every text and chat message extracted from Defendant Miller's iPhone. Exhibits 69, 70, and 72 contain the relevant portions of Defendant Miller's text communications with his wife, Pam Cariveau, (Exhibit 69), API employee Paul Wardlow (Exhibit 70), and API employee Matias Escobar (Exhibit 72). Exhibits 69, 70, and 72 are accurate representations of subsets of the larger document in Exhibit 67. Preliminary Injunction Hearing Tr. 124:3-7.

Conscious of the discretion afforded district courts in controlling "the mode and order" of its presentation to promote the effective ascertainment of the truth, Fed. R. Evid. 611(a), Plaintiff and Defendants have agreed that only the relevant portions of the chat exchanges currently marked as Exhibits 67, 69, 70, and 72 shall be admitted into the record. Limiting the evidence to these relevant portions will alleviate the burden on the Court of reviewing extensive redactions



and will serve the interest of both parties by alleviating needless embarrassment and exposure of irrelevant personal information.[1]

This Court allows the filing under seal or redacting of documents if the closure is essential to preserve higher values and is "narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Determining whether the closure is warranted depends on (i) whether the document is a judicial document, which triggers the presumption of public access, (ii) the weight of the presumption of public access, and (iii) the countervailing factors against public access. *Id.* at 119-120. Accordingly, this Court has "considerable discretion" to determine that certain court documents may be withheld from the public. *Geller v. Branic Int'l Reality Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

A judicial document is one that is "relevant to the performance of the judicial function and useful in the judicial process," *Lugosch*, 435 F.3d at 119, or has the tendency to influence a District Court's ruling. *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019); *see United States v. HSBC Bank USA, N.A.*, 863 F.3d 125 (2d Cir. 2017) (finding that an independent monitor's report relating to a company's compliance with a deferred prosecution agreement (DPA) was not a "judicial document" because it was irrelevant to the Court's assessment of any breach of the DPA, its authority to approve implementation of the DPA, or any motions to dismiss the Government could bring). "The mere filing of a paper or document with the court is insufficient to render that paper a judicial document subject to the right of public access." *United States v. Gatto*, No. 17-CR-686 (LAK), 2019 WL 4194569, at *2 (S.D.N.Y. Sept. 3, 2019).

Even if a document is considered a judicial document triggering the presumption of public access, the weight of that presumption is low if the document does not *directly* affect an adjudication. *Gatto*, 2019 WL 4194569, at *6 (weight of the presumption of access to these materials is diminished where a court's exercise of authority with respect to materials that were admitted in court is "ancillary to the court's role in adjudicating a case"); *Collado v. City of New York*, 193 F. Supp. 3d 286, 291 (S.D.N.Y. 2016) (redactions or sealing of nonpublic information warranted where the information was irrelevant to the motion for summary judgment).

Finally, the presumption of public access to judicial documents must be balanced against countervailing factors, such as "privacy interests," whether the materials at issue contain "sensitive and proprietary information," and judicial efficiency. *Lugosch*, 435 F.3d at 120; *see*

---

[1] Even under Fed. R. Evid. 106, which Defendants do not invoke here, "[o]nly evidence that is 'necessary to explain the admitted portion, to place the admitted portion in context, to avoid misleading the jury, or to ensure fair and impartial understanding of the admitted portion' is admissible." *Chevron Corp. v. Donziger*, 974 F. Supp. 2d 362, 698 (S.D.N.Y. 2014), aff'd, 833 F.3d 74 (2d Cir. 2016).



*Awestruck Mktg. Grp., LLC v. Black Ops Prods.*, LLC, No. 16-CV-3969 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016); *see also Playtex Prod., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016). Documents that are "traditionally considered private rather than public" are afforded greater protections. *Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018). "[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *Gatto*, 2019 WL 4194569, at *6 (finding that disclosing text and email communications and redacted information in a sentencing memorandum not warranted because of third party privacy interests and the information being immaterial to the court's adjudication).

The minimal redactions in the excerpted text conversations are warranted. The text communications have been redacted to exclude API's client names, names of API employees not relevant to this action, and personal identifying information such as phone numbers. Further, because text messages are traditionally private rather than public and involve the privacy interests of "innocent third parties," there are strong countervailing factors against public access. These redactions are narrowly tailored to protect API's business and commercial interests because they are only limited to sensitive business information and identifying information of third parties with no connection to this case.

For these reasons stated above, we request permission to file, upon the Court's review and approval, redacted versions of Exhibits 67, 69, 70, and 72 from the Preliminary Injunction Hearing on Tuesday, December 17, 2019.

Plaintiff seeks to file Exhibits 34, 48, and Defendant's Exhibit C under seal and to redact Exhibits 22, 65, 66, and 75. Plaintiff and Defendants have agreed on these redactions and filing under seal. The disclosure of sensitive information that would cause a competitive disadvantage can also overcome the presumption of access. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 Fed. App'x. 615, 617 (2d Cir. 2009) (upholding a party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access."); *see also Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 CIV. 2003 (PKL), 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (noting that courts have found good cause for permitting filing under seal where public filing would disclose commercially sensitive and confidential information). Plaintiff seeks to file under seal Exhibits 34, 48, and Defendant's Exhibit C, three internal API documents that contain sensitive information about API's business strategy, identify several API clients, and contain data specific to individual clients. Disclosure of such information would put API at a competitive disadvantage and would disclose the type of sensitive business and client information the Court has protected from disclosure based on the privacy interest overcoming the presumption of access. Exhibits 22, 65,



66, and 75 contain minimal redactions also necessary to safeguard API's business interests and client information.

Therefore, Plaintiff further requests the filing under seal of Exhibits 34, 48, and Defendant's Exhibit C and, upon the Court's review and approval, redacted versions of Exhibits 22, 65, 66, and 75 from the Preliminary Injunction Hearing on Tuesday, December 17, 2019.

Finally, we note for the Court that Exhibit 92, the declaration of Ramzi Kamel, has been previously redacted and approved by the Court.

Respectfully submitted,

/s/ Robert M. Stern

Robert M. Stern
Tiffany Rowe
Matthew Reeder (*pro hac vice*)
ORRICK, HERRINGTON &
SUTCLIFFE LLP

*Counsel for API*

Having reviewed these redaction and sealing requests, the Court GRANTS Plaintiff's motion. Without deciding whether the information covered by these requests constitutes trade secrets under federal and state law, the Court finds that the requests are narrowly tailored to protect competitive business information and to protect the privacy interests of third parties. Applying the Second Circuit standard set out in *Lugosch*, the protection against the risk of competitive disadvantage in this case and damage to privacy interests is of a higher value than the value to the public such that closure is necessary. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). SO ORDERED.

1/15/20

SO ORDERED:

HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE