

JAN 1 6 2020



**orrick**

Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005-1706
+1 202 339 8400
orrick.com

VIA ECF

December 20, 2019

Robert Stern

rstern@orrick.com
D +1 202 339-8542
F +1 202 339-8500

The Hon. Alison J. Nathan
United States District Judge
Southern District of New York
40 Centre Street
New York, NY 1007

Re:   *Lodging Solutions, LLC v. Miller et al.*, 19-cv-10806-AJN - Letter-Motion Seeking Leave for Filing Documents Under Seal and Uploading Documents to the Docket

Dear Judge Nathan,

Pursuant to Rule 4.B. of the Court's Individual Rules and Practices in Civil Cases ("Court's Rules"), Plaintiff in the above-captioned case respectfully request the filing under seal of Exhibit I from the Temporary Restraining Order ("TRO") Hearing on Friday, November 22, 2019. Additionally, Plaintiff requests the Court to instruct the Clerk's Office to upload to the docket the documents submitted by Plaintiff to Chambers on November 21, 2019 in support of their Proposed Order to Show Cause and Temporary Restraining Order (with the exception of Exhibit I which Plaintiff seeks to have sealed).[1]

The presumption of public access to judicial documents must be balanced against countervailing factors, such as "privacy interests" and whether the materials at issue contain "sensitive and proprietary information." *See Awestruck Mktg. Grp., LLC v. Black Ops Prods., LLC*, No. 16-CV-3969 (RJS), 2016 WL 8814349, at *2 (S.D.N.Y. June 20, 2016); *see also Playtex Prod., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016). Accordingly, this Court has "considerable discretion" to determine that certain court documents may be withheld from the public. *Geller v. Branic Int'l Reality Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

---

[1] The Clerk's Office has advised Plaintiff that it will only upload Plaintiff's papers in support of its TRO application to the Court's ECF docket upon instruction to do so by Your Honor's Chambers.



Documents may be filed under seal if the closure is essential to preserve higher values and is "narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). To overcome the presumption of public filing, this Court determines whether the documents are judicial documents, assesses the weight of the common law presumption of access to the materials, and balances competing considerations against this presumption of access. *Id.* at 119-120. Here, while these documents are likely considered judicial documents and are relevant to the case, Plaintiff nonetheless overcomes the presumption of public access to these documents and redacted language.

Disclosure of sensitive information that would cause a competitive disadvantage can overcome the presumption of access. *Standard Inv. Chartered, Inc. v. Fin. Indus. Regulatory Auth., Ind.*, 347 Fed. App'x. 615, 617 (2d Cir. 2009) (upholding a party's "interest in protecting confidential business information outweighs the qualified First Amendment presumption of public access."); *see also Bergen Brunswig Corp. v. Ivax Corp.*, No. 97 CIV. 2003 (PKL), 1998 WL 113976, at *3 (S.D.N.Y. Mar. 12, 1998) (finding that courts have found good cause for permitting filing under seal where public filing would disclose commercially sensitive and confidential information). Sensitive client contact information, including "home addresses, biographical information, [and] telephone numbers," is a privacy interest that also overcomes the presumption of access. *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015); *see Cohen v. Gerson Lehrman Grp., Inc.*, No. 09 CIV. 4352 PKC, 2011 WL 4336679, at *2 (S.D.N.Y. Sept. 15, 2011) (finding that redactions that withhold client identities and individual contact information were narrowly tailored and that the privacy interests at issue overcame the presumption of access).

Plaintiff seeks to file under seal Exhibit I from the TRO Hearing. This document is a copy of Robert Miller's Outlook contacts that he maintained within his API Outlook mail account. Miller copied the contacts list from his laptop on October 18, the day he resigned from API. The information was taken from API's network server and contains confidential and sensitive information regarding API's client contacts, including home addresses, telephone numbers, and in some instances notes on how Defendant Miller met these contacts. Disclosure of such information would put API at a competitive disadvantage and would disclose the type of sensitive client contact information this Court has protected from disclosure based on the privacy interest overcoming the presumption of access.

For these reasons stated above, we request the court to file Exhibit I under seal and request that the Court instruct the Clerk to upload the documents provided on November 21, 2019 on the docket.



Respectfully submitted,

/s/ Robert M. Stern

Robert M. Stern
Matthew Reeder (pending *pro hac vice* admission)
ORRICK, HERRINGTON & SUTCLIFFE LLP

*Counsel for API*

> Having reviewed these redaction and sealing requests, the Court GRANTS Plaintiff's motion. Without deciding whether the information covered by these requests constitutes trade secrets under federal and state law, the Court finds that the requests are narrowly tailored to protect competitive business information and to protect the privacy interests of third parties. Applying the Second Circuit standard set out in *Lugosch*, the protection against the risk of competitive disadvantage in this case and damage to privacy interests is of a higher value than the value to the public such that closure is necessary. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006).
>
> With regards to the second request, the Clerk's Office will not docket Plaintiff's documents in support of its Proposed Order to Show Cause and Temporary Restraining Order. It is Plaintiff's responsibility to docket these documents. Plaintiff should do so within one week of the date of this Order.
> SO ORDERED.

1/15/20

SO ORDERED.

_____
HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE