

**orrick**

Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005-1706

+1 202 339 8400
orrick.com

Robert Stern

rstern@orrick.com
D +1 202 339-8542
F +1 202 339-8500

VIA ECF

January 6, 2020

JAN 1 6 2020

The Hon. Alison J. Nathan
United States District Judge
Southern District of New York
40 Centre Street
New York, NY 1007

Re: *Lodging Solutions, LLC v. Miller et al.*, 19-cv-10806-AJN - Letter-Motion Seeking Leave for Filing Certain Redacted Documents and Documents Under Seal

Dear Judge Nathan,

Pursuant to Rule 4.B. of the Court's Individual Practices in Civil Cases, Plaintiff in the above-captioned case requests to redact a portion of the transcript of the November 22, 2019 Hearing on Plaintiff's motion for a Temporary Restraining Order (TRO).

This Court allows redactions when essential to preserve an interest greater than public's interest in accessing judicial documents and when such redactions are "narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Determining whether redaction is warranted depends on (i) whether the document is a judicial document, which triggers the presumption of public access, (ii) the weight of the presumption of public access, and (iii) the countervailing factors against public access. *Id.* at 119-120. This Court has "considerable discretion" to determine that certain information may be withheld from the public. *Geller v. Branic Int'l Reality Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

A judicial document is one "relevant to the performance of the judicial function and useful in the judicial process," *Lugosch*, 435 F.3d at 119, or that has the tendency to influence a District Court's ruling. *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019)

Even where a document triggers the presumption in favor public access, such presumption carries little weight if the document or information does not *directly* affect an



adjudication. *Collado v. City of New York*, 193 F. Supp. 3d 286, 291 (S.D.N.Y. 2016) (redactions or sealing of nonpublic information warranted where the information was irrelevant to the motion for summary judgment).

The presumption of public access to judicial documents must be balanced against countervailing factors like "privacy interests." the need to protect "sensitive and proprietary information," and judicial efficiency. *Lugosch*, 435 F.3d at 120. Documents and information "traditionally considered private rather than public" are afforded greater protections. *Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018).

Plaintiff requests a minimal redaction on Line 5 of Page 23 of the transcript. The redacted text includes names of API customers, which is not material to the Court's adjudication here and is sensitive commercial information. The redaction is narrowly tailored to protect API's business and commercial interests because it is limited to the customer names.

For the reasons stated above, we request permission to redact a portion of Line 5 of Page 23 of the TRO Hearing transcript.

Respectfully submitted,

/s/ *Robert M. Stern*

Robert M. Stern
Tiffany Rowe
Matthew Reeder (*pro hac vice*)
ORRICK, HERRINGTON &
SUTCLIFFE LLP

*Counsel for API*

Having reviewed this redaction and sealing request, the Court GRANTS Plaintiff's motion. Without deciding whether the information covered by this request constitutes trade secrets under federal and state law, the Court finds that the request is narrowly tailored to protect competitive business information. Applying the Second Circuit standard set out in *Lugosch*, the protection against the risk of competitive disadvantage in this case is of a higher value than the value to the public such that closure is necessary. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Plaintiff is further advised that the file it submitted to the Court in connection with this sealing motion titled "Proposed redactions to Transcript of 19.11.22 hearing.pdf" did not actually contain any proposed redactions.
SO ORDERED.

1/15/20

SO ORDERED:

_____
HON. ALISON J. NATHAN
UNITED STATES DISTRICT JUDGE

2