```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/23/2020
```



Orrick, Herrington & Sutcliffe LLP
Columbia Center
1152 15th Street, N.W.
Washington, DC 20005-1706

+1 202 339 8400
orrick.com

Robert Stern

rstern@orrick.com
D +1 202 339-8542
F +1 202 339-8500

VIA ECF

January 29, 2020

The Hon. Alison J. Nathan
United States District Judge
Southern District of New York
40 Centre Street
New York, NY 1007

Re: <u>Lodging Solutions, LLC v. Miller et al., 19-cv-10806-AJN - Letter-Motion Seeking Leave for Redacting Preliminary Injunction Hearing Transcripts</u>

Dear Judge Nathan,

Pursuant to Rule 4.B. of the Court's Individual Practices in Civil Cases, Plaintiff in the above-captioned case requests to make redactions to the transcripts of the Preliminary Injunction Hearing that occurred on December 17 and December 19, 2019.

This Court allows redactions when essential to preserve an interest greater than public's interest in accessing judicial documents and when such redactions are "narrowly tailored to serve that interest." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 120 (2d Cir. 2006). Determining whether redaction is warranted depends on (i) whether the document is a judicial document, which triggers the presumption of public access, (ii) the weight of the presumption of public access, and (iii) the countervailing factors against public access. *Id.* at 119-120. This Court has "considerable discretion" to determine that certain information may be withheld from the public. *Geller v. Branic Int'l Reality Corp.*, 212 F.3d 734, 738 (2d Cir. 2000).

A judicial document is one "relevant to the performance of the judicial function and useful in the judicial process," *Lugosch*, 435 F.3d at 119, or that has the tendency to influence a District Court's ruling. *Brown v. Maxwell*, 929 F.3d 41, 49 (2d Cir. 2019). Even where a document triggers the presumption in favor of public access, such presumption carries little weight if the document or information does not *directly* affect an adjudication. *Collado v. City of New York*, 193 F. Supp. 3d 286, 291 (S.D.N.Y. 2016) (redactions or sealing of nonpublic



information warranted where the information was irrelevant to the motion for summary judgment).

The presumption of public access to judicial documents must be balanced against countervailing factors like "privacy interests." the need to protect "sensitive and proprietary information," and judicial efficiency. *Lugosch*, 435 F.3d at 120. Documents and information "traditionally considered private rather than public" are afforded greater protections. *Dependable Sales & Serv., Inc. v. TrueCar, Inc.*, 311 F. Supp. 3d 653, 666 (S.D.N.Y. 2018). "[T]he privacy interests of innocent third parties . . . should weigh heavily in a court's balancing equation." *United States v. Gatto*, No. 17-CR-686 (LAK), 2019 WL 4194569, at *6 (S.D.N.Y. Sept. 3, 2019) (finding that disclosing text and email communications and redacted information in a sentencing memorandum not warranted because of third party privacy interests and the information being immaterial to the court's adjudication).

The minimal redactions in the transcripts are warranted. Plaintiff makes these redactions to exclude (1) API's client names, (2) names of employees of API's clients not relevant to this action, and (3) sensitive business information regarding API. This information is not material to the Court's adjudication here and is sensitive business information. These redactions are narrowly tailored to protect API's business and commercial interests because they are limited to sensitive business information and identifying information of third parties with no connection to this case.

For the reasons stated above, we request permission to redact portions of the December 17 and December 19 hearing transcripts.

Respectfully submitted,

/s/ Robert M. Stern

Robert M. Stern
Tiffany Rowe
Matthew Reeder (*pro hac vice*)
ORRICK, HERRINGTON & SUTCLIFFE LLP

*Counsel for API*

---

For the reasons stated in the Court's Order of January 15, 2020, the request to redact portions of the December 17 and December 19 hearing transcripts is GRANTED. Plaintiff shall file the redacted transcripts on the public docket.
SO ORDERED.

SO ORDERED.    11/23/2020
ALISON J. NATHAN, U.S.D.J.

2